UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAN SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>PAULA WOLFF, ET AL.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 1:08-CV-00511-JDB<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT KIMBERLY LORENTZ'S MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**

Defendant Kimberly Lorentz ("Ms. Lorentz") and the Government of Canada, by and through counsel, respectfully request that this Court dismiss Plaintiff's Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff Alan Simmons is a Canadian citizen presently incarcerated at a U.S. federal prison. Plaintiff has sued both U.S. federal correction officials and an employee of the Consulate of the Government of Canada in Buffalo, New York.

Plaintiff failed to serve process properly on Ms. Lorentz in both her official and individual capacities under Federal Rules of Civil Procedure 4(e) and 4(j). By sending the Summons and Complaint via certified mail to Ms. Lorentz's employer, the Consulate General of Canada, Plaintiff failed to serve Ms. Lorentz personally. At the time, Ms. Lorentz was not in the United States and Plaintiff has not provided proof of service, much less proof that the person who received the Summons and Complaint was properly authorized to do so under the rules allowing service via certified mail. Additionally, Plaintiff failed to follow the guidelines

established by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608 et seq., properly to serve process on Ms. Lorentz in her official capacity through the Government of Canada.

For the reasons set forth in the attached legal memorandum, the Court should grant Ms. Lorentz's motion and dismiss Plaintiff's Complaint because of improper service of process. A proposed Order accompanies this motion.

Dated: June 12, 2008

Respectfully submitted,

*Campbell Killefer*
Campbell Killefer (D.C. Bar # 268433)
VENABLE LLP
Terrell Place
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-8196
(202) 344-8300 (facsimile)

*Counsel for the Government of Canada and its employee Kimberly Lorentz*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
                                   )
ALAN SIMMONS,                      )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   Civil No. 1:08-CV-00511-JDB
                                   )
PAULA WOLFF, ET AL.                )
                                   )
        Defendants.                )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KIMBERLY LORENTZ'S MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendant Kimberly Lorentz and the Government of Canada hereby submit this Memorandum in Support of their Motion to Dismiss for Improper Service of Process.

**INTRODUCTION AND SUMMARY OF FACTS**

Plaintiff Alan Simmons "is a Canadian citizen and federal prisoner" (Complaint ¶2) currently incarcerated in Federal Corrections Institution Schuylkill. Plaintiff filed this action alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff included a claim against Kimberly Lorentz, an employee of the Canadian Consulate General, "in both her official and individual capacities." (Complaint ¶ 7). Plaintiff mailed a Summons and a copy of the Complaint, addressed to Kimberly Lorentz, via certified mail to the Canadian Consulate General in Buffalo, New York. Ms. Lorentz was in Canada at the time and, as of the filing of this motion, is on maternity leave and has yet to return to the United States.

## ARGUMENT

A. **Plaintiff's Claims Against Kimberly Lorentz In Her Official Capacity As An Employee Of The Canadian Government Should Be Dismissed Because <u>Service Of Process On The Canadian Government Was Improper.</u>**

The Government of Canada stands in the shoes of its employee when she has been sued in her "official capacity." Under Rule 4(j) of the Federal Rules of Civil Procedure, a foreign state must be served in accordance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. The FSIA provides in § 1608(a) a list of four hierarchical methods of serving process on a foreign state, only two of which are relevant here:

> (1)   by delivering a copy of the summons and the complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2)   if no special arrangement exists, by delivering a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents . . .

Because Plaintiff had no "special arrangement" with the Government of Canada, he was required under § 1608(a)(2) to effect service in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). See <u>Doe v. State of Israel</u>, 400 F. Supp. 2d 86, 101-02 (D.D.C. 2005) (citing <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 698 (1988)) (affirming that the Hague Convention is an "applicable international convention" under § 1608(a)(2)).

The Hague Convention requires "[e]ach contracting State" to "designate a Central Authority which will undertake to receive requests for service coming from other contracting States…" Hague Convention, art. 5, Nov. 15, 1965, 20 U.S.T. 1361, 658 U.N.T.S. 163. The Government of Canada, a signatory to the Hague Convention, has designated a Federal Central Authority to receive service of process requests. To effect service of process under the Hague

2

Convention, a party must forward two copies of the requisite documents and any prescribed fee to the Central Authority and then await confirmation of service. Once service has been made, a copy of the documents will be returned to the originating party along with a certificate of service. This certificate of service is subsequently filed with the court as proof of service of process. Id., arts. 3, 5, 6. Plaintiff failed to comply with these requirements.

By sending the Summons and Complaint to the Canadian Consulate General in Buffalo, New York, Plaintiff failed to follow the steps required by the FSIA. First, the Consulate General has not been designated by the Government of Canada as a "Central Authority" under the Hague Convention. Second, Plaintiff has not provided proof of service of process as required by the FSIA. Because Plaintiff's service of process was insufficient under United States and international law, his claims against the Government of Canada (through Ms. Lorentz in her official capacity) should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**B.  Plaintiff's Claims Against Kimberly Lorentz Should be Dismissed Because Service of Process on Kimberly Lorentz as an Individual Was Improper.**

As a preliminary matter, Kimberly Lorentz should not have been named individually in this lawsuit. All of Plaintiff's claims against her are based on actions she allegedly took or failed to take on behalf of the Government of Canada. The decision to grant or deny a prisoner transfer under the relevant treaty between the United States and Canada can only be made by officials of the transferring and receiving governments. See Treaty Between Canada and the United States of America on the Execution of Penal Sentences, U.S.-Can., Mar. 2, 1977, T.I.A.S. No. 9552 (July 19, 1978). As stated in the diplomatic note sent by the Government of Canada to the United States Department of State (attached as Exhibit 1), the Government of Canada believes

3

that Ms. Lorentz should not be an individual party to this action. Therefore, the Government of Canada is the only proper party against whom to bring this type of case.

Notwithstanding this diplomatic note, Plaintiff's service of process was improper as to Ms. Lorentz in her individual capacity as well. At the time of the deficient certified mail service and to the present, Ms. Lorentz has resided in Canada. Plaintiff's attempt to serve her personally via certified mail to the Canadian Consulate General fails under the Federal Rules of Civil Procedure. Rule 4(e) of the Federal Rules authorizes service of process upon "an Individual Within a Judicial District of the United States" via several options. These options include: personal delivery, leaving a copy at the individual's dwelling or usual place of abode, or delivering a copy to an agent authorized to receive service of process. The Rule also allows service by following state law in the state where the district court is located (in this case, the District of Columbia) or where service is made (in this case, New York). Neither the Federal Rules nor the New York Civil Practice Laws allow for service to be made solely via certified mail. See N.Y. C.P.L.R. 308 (2008).

Rule 4(c)(3) of the District of Columbia Superior Court Rules of Civil Procedure allows for service via certified mail, return receipt requested. Rule 4(l)(2) requires proof of service for process made by certified mail to be filed with the Court. If the return receipt was not signed by the party named in the summons (i.e., Ms. Lorentz herself), the Plaintiff has to provide facts to the Court to determine "that the person who signed the receipt meets the appropriate qualifications for receipt of process." A person appropriately qualified under Rule 4(e) is a "person of suitable age and discretion" who resides "at the [defendant]'s *dwelling house or usual place of abode*" (emphasis added), or "an agent authorized by appointment or by law to receive service of process." D.C. Super. Ct. R. Civ. P. 4(e)(2). Plaintiff has not provided this Court with

4

proof of service, nor has he provided facts to show that the person who signed the receipt (if any) at the Consulate in Buffalo was appropriately qualified.

Plaintiff attempted to serve Ms. Lorentz as an individual residing in the United States under Federal Rule of Civil Procedure 4(e) by sending the Summons and Complaint via certified mail to the Canadian Consulate General, her employer. As Ms. Lorentz was not even in the United States at the time the Consulate General received the Summons and Complaint and she does not have an authorized agent to receive service of process for her at the Consulate General, Plaintiff's attempt at service via certified mail to the Canadian Consulate General was improper. Therefore, Plaintiff's Complaint against Ms. Lorentz as an individual should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Government of Canada and its employee Defendant Kimberly Lorentz respectfully request that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to properly serve the summons and Complaint both on the Government of Canada and Kimberly Lorentz.

Dated: June 12       , 2008

Respectfully submitted,

_Campbell Killefer_
Campbell Killefer (D.C. Bar # 268433)
VENABLE LLP
Terrell Place
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-8196
(202) 344-8300 (facsimile)

*Counsel for the Government of Canada
and its employee Kimberly Lorentz*

5



# Canadian Embassy        Ambassade du Canada

```
Consular Section/Section Consulaire
        501 Pennsylvania Ave. NW
          Washington, D.C. 20001
  Phone: (202) 682-7635 / Fax: (202) 682-7738
```

## FACSIMILE / TÉLÉCOPIE

**To/À:** Alex Lee, Director, Office of Canadian Affairs, WHA/CAN
State Department
Cc: Catherine W. Brown, Diplomatic Law & Litigation,
State Department

**Fax No./No de télécopie:** 202-647-4088
202-736-7620

**From/De:** Hélène Bouchard, Senior Consular Officer

**Document No./Numéro du Document:** WSHDC UNCS 0038

**Pages (including this one/incluant celle-ci):** 21

**Date:** June 3rd, 2008

---

COMMENTS/COMMENTAIRES:

**LAWSUIT REGARDING THE US-CANADA TRANSFER OF OFFENDERS TREATY**

PLEASE FIND ENCLOSED A COPY OF DIPLOMATIC NOTE NO. 0170 REGARDING A CIVIL LAWSUIT IN THE US DISTRICT COURT IN THE DISTRICT OF COLUMBIA AGAINST A CANADIAN CONSULAR OFFICER AT OUR CONSULATE GENERAL IN BUFFALO.

THE ORIGINAL WILL BE DELIVERED TO STATE/WHA/CAN BY DRIVER LATER TODAY, JUNE 3RD, 2008.

PLEASE DO NOT HESITATE TO CONTACT BERNARD LI (202-682-7736) OR MYSELF FOR MORE DETAILS ON THIS REQUEST.

THANK YOU.



**Canadian Embassy**    **Ambassade du Canada**

Note No. 0170

    The Embassy of Canada presents its compliments to the Department of State and has the honour to refer to the case of Alan Simmons v Kimberly Lorentz et al case number 1:08-cv0051 in the United States District Court in the District of Columbia.

    The Embassy notes that according to the statement of claim Ms. Lorentz is being sued in both her "official and individual capacities" regarding the refusal of a transfer to Canada under the Transfer of Offenders Treaty between Canada and the United States. The Embassy would also note that United States government officials have been named in this action and that United States Department of Justice lawyers are representing them. The Embassy notes that Ms. Lorentz, a Canadian and a United States citizen, is a consular employee at the Consulate General of Canada in Buffalo. Her functions include carrying out official duties of the Consulate General in handling the transfer request under the Transfer of Offenders Treaty between Canada and the United States. It appears that all matters raised in this statement of claim against Ms. Lorentz relate to the fulfilment of Canadian government functions. As such, this appears to be substantially a claim

.../2

- 2 -

against the government of Canada. The Embassy notes that both international law and the Foreign Sovereign Immunity Act of the United States provides for certain service requirements when a foreign state is sued. In this case the Consulate General in Buffalo received this document, the summons in a civil case dated March 24, 2008, through the mail. This method of service was not consistent with international law and the Foreign Sovereign Immunity Act of the United States.

The Embassy would ask the Department of State to take steps to bring this matter before the relevant court and to take action to have this case dismissed against Kimberly Lorentz.

The Embassy of Canada avails itself of this opportunity to renew to the Department of State the assurances of its highest consideration.

WASHINGTON, D.C.

June 03, 2008



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of June, 2008, a true and complete copy of the foregoing was served via first-class mail, postage prepaid, on the following:

Alan Simmons
04778-082
F.C.I. Schuylkill
P.O. Box 759
Minersville, PA 17954

Kenneth Adebonojo
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20035

_____
Campbell Killefer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAN SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:08-CV-00511-JDB |
| ) | |
| PAULA WOLFF, ET AL. ) | |
| ) | |
| Defendants. ) | |

ORDER

Upon consideration of Defendant Kimberly Lorentz's Motion to Dismiss for Improper Service of Process and the entire docket in this case, it is HEREBY ORDERED that Defendant's Motion is GRANTED, and Plaintiff's Complaint against Defendant Kimberly Lorentz and the Government of Canada is DISMISSED.

Dated: June _____, 2008

_____
John D. Bates
UNITED STATES DISTRICT JUDGE

Copies to:

Alan Simmons
04778-082
F.C.I. Schuylkill
P.O. Box 759
Minersville, PA 17954

Campbell Killefer
VENABLE LLP
Terrell Place
575 7th Street, N.W.
Washington, D.C. 20004-1601

Kenneth Adebonojo
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20035