UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALAN SIMMONS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0511 (JDB) |
| PAULA WOLFF et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

    Defendant Kimberly Lorentz, together with the government of Canada, filed a motion under Federal Rule of Civil Procedure 12(b)(5), requesting that the complaint be dismissed as to them on the ground that service was improper.  Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the rules of this Court.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Ham v. Smith, 653 F.2d 628 (D.C. Cir. 1981); Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).

    The plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

The Court may treat as conceded any motion not opposed within the time limits allowed. Alternatively, the Court may consider on the merits any motion not opposed within the time limits allowed. Thus, failure to respond to the defendant's motion in this case carries with it the risk that the case will be dismissed. It is therefore

ORDERED that plaintiff shall file his response to the defendant's motion to dismiss the complaint no later than July 24, 2008. If plaintiff does not timely respond, the Court may treat the motion as conceded and dismiss the complaint as to defendant Lorentz and the government of Canada.

/s/
JOHN D. BATES
United States District Judge

Date: June 26, 2008