UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALAN SIMMONS,

    Plaintiff,

        v.                                    Civil Action No.  08-511 (JDB)

PAULA WOLFF *et al.*,

    Defendants.

**MEMORANDUM OPINON**

Plaintiff, a Canadian national serving a criminal sentence of imprisonment in the United States, filed this law suit against five named defendants in their individual and official capacities. Citing 42 U.S.C. § 1983, the plaintiff alleged violations of the Eighth Amendment. One of the named defendants has since been dismissed. *See* Order, July 15, 2008. The remaining defendants, all agents of the United States Government, have filed a motion to dismiss the claims against them on multiple grounds. Because this court lacks jurisdiction over some of the claims and the plaintiff has failed to state a claim upon which relief may be granted as to the remainder of the claims, the defendants' motion to dismiss will be granted and his complaint will be dismissed.

Background

After extradition from Canada to face criminal charges in the United States, the plaintiff pled guilty and was sentenced. (Defs.' Mot. to Dismiss at 4 n.9.) He has made multiple requests to be returned to Canada to serve his sentence of imprisonment. This suit stems from the denial of his third such request. He alleges that the denial of his requests for transfer constitute cruel and unusual punishment in violation of the Eighth Amendment because his imprisonment in the

United States makes it difficult for his family — who lives at a distance — to visit him, and because, as a foreigner, he cannot participate in certain of the rehabilitation programs offered by the federal Bureau of Prisons that facilitate re-integration into society through gradual release. (Compl. ¶¶ 11-13, 15.)  He also states that when he is released, he will be penniless, disabled, and 61 years old. (*Id.* ¶ 16.)  He alleges that "no other inmates in the Bureau of prisons system get this type of disadvantageous and prejudicial treatment." (*Id.* ¶ 17.)[1]

## Discussion

A federal court is one of limited jurisdiction and cannot entertain claims over which it does not have subject matter jurisdiction.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  Sovereign immunity is jurisdictional in nature.  Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.  It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) (internal quotation marks and citations omitted).  Where a court has no subject matter jurisdiction, the claims must be dismissed.

An official capacity suit is merely "'another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Social Svcs.,* 436 U.S. 658, 690 n.55 (1978)).  An official capacity suit against a federal agent is thus a suit against the United States.  The United States has never consented to itself or its agencies being sued for damages for constitutional torts. *F.D.I.C. v.*

---

[1] The plaintiff filed a sur-reply without seeking leave to do so.  To the extent that the sur-reply clarifies that the plaintiff intended to state an Eighth Amendment claim against the individuals and did not intend to state a claim under the treaty with Canada governing transfer of prisoners, the sur-reply will be allowed.  In all other respects, the sur-reply will not be considered, as it does not confine itself to what is addressed in the defendants' reply.

*Meyer,* 510 U.S. at 484.  Accordingly, this court is without jurisdiction to entertain the claims against the defendants in their official capacities, and therefore those claims will be dismissed.

A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  A court considering such a motion to dismiss must assume that all factual allegations are true, even if they are doubtful.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, - - , 127 S. Ct. 1955, 1965 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged").  A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual allegations."  *Kowal,* 16 F.3d at 1276.  In deciding a motion brought under Rule 12(b)(6), a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).  A court may take judicial notice of public records from other proceedings.  *Covad Communications Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts in public records of other proceedings).

Plaintiff asserts § 1983 claims against the defendants in their individual capacities.  But, § 1983 claims apply only to persons "acting under color of state law."  42 U.S.C. § 1983.  This case, however, involves federal, not state, law.  Because a plaintiff proceeding *pro se* is entitled to a liberal construction of his pleading, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), his § 1983

claims will be construed as *Bivens* claims.[2]  To show a violation of the Eighth Amendment in his conditions of confinement, a plaintiff must identify "extreme deprivations." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Id.* (internal quotation marks and citations omitted).  Deprivations such as infrequent or no visits from family and an inability to participate in social reintegration programs simply do not meet the threshold of "extreme deprivations" required to state an Eighth Amendment claim regarding conditions of prison confinement.  In short, plaintiff has not alleged facts "objectively[] sufficiently serious" to support a reasonable inference of an Eighth Amendment violation.  *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).  Therefore, the individual-capacity *Bivens* claims will also be dismissed.[3]

## CONCLUSION

Because this court has no jurisdiction over the constitutional tort claims against the federal defendants in their official capacities, those claims will be dismissed for want of jurisdiction.  Because the plaintiff has not alleged facts sufficient to support an Eighth Amendment violation against the federal defendants in their individual capacities, those claims will be dismissed.

---

[2] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (establishing a cause of action for a constitutional tort against a federal agent in his or her individual capacity).

[3] For the same reasons that plaintiff has failed to state an actionable Eighth Amendment claim against the individual defendants, that claim asserted against the federal government for equitable relief also fails.

Finally, because no claims survive, the complaint will be dismissed.[4]  A final order accompanies this memorandum opinion.

                                                    /s/
                                     JOHN D. BATES

DATE:  January 27, 2009                United States District Judge

---

[4]  In one sense, plaintiff is seeking relief from or modification of his federal sentence.  To that extent, his claims cannot be brought in this court, but must instead be addressed to his sentencing court.  *See* 28 U.S.C. § 2255.